

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00479-CR

## EX PARTE MARIA CERVANTES MARTINEZ

**From the County Court at Law No 1
Johnson County, Texas
Trial Court No. CC-C20190911**

## CONCURRING OPINION

The issue in this proceeding is not about Double Jeopardy for having been previously found in an administrative proceeding to have deprived the horse of necessary food, water, or care. Rather, appellant is arguing that she prevailed in the administrative proceeding on the determination that she mistreated the horse by providing deficient shelter. She further argues that because the criminal charging instrument must tract the language of the statute, and because the State is collaterally estopped from alleging cruelty due to deficient shelter because the State failed to prove deficient shelter at the administrative trial, the State cannot ever amend the indictment to charge her with cruelty based just on inadequate food, water, or care. This argument fails for many reasons, the most fundamental of which is that the four grounds in the statute

are different manner and means of being cruel to the horse. The State need not charge all four, need not prove all four, and need not get an affirmative finding on all four for her to be convicted of a violation of the criminal statute in this proceeding of being cruel to the horse. The State may allege in the charging instrument only the manner and means that it intends to prove at trial, and is limited to those grounds alleged in the charging instrument to obtain a conviction.

Thus, appellant's claim is about being tried a second time for an offense for which she was already tried but not convicted, *aka* acquitted, in the civil proceeding of providing inadequate shelter. As framed, if she prevails, she would be entitled to immediate release, because under her theory, the charging instrument cannot be limited to the manner and means of cruelty due to deficiency of food, water, or care, but must also include the fourth statutory means of cruelty, deficient shelter. Therefore, I agree that the appeal of the pretrial application for a writ of habeas corpus is cognizable.

But because the State does not have to allege a violation of every manner and means of violating the statute in the charging instrument, it would not matter if it could be held, which I do not and would not so hold, that appellant prevailed at the administrative hearing because the State failed to prove appellant was cruel to the horse due to inadequate shelter. The manner and means of violating the statute due to deficient shelter was simply not found by the trial court in the administrative hearing, but it is unclear from the record before us whether that theory was even presented to the trial

court at the administrative hearing.[1]

Accordingly, I respectfully concur with the Court's judgment that the trial court did not err in denial of the application for a writ of habeas corpus, but for a different reason than the one articulated by the Court.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed February 2, 2022



---

[1] The administrative judgment appears to be on a preprinted form with a check box for each manner and means of being cruel to an animal. The box next to "deficient shelter" was not checked; the other three were checked.